```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SONIA SPATES, INDIVIDUALLY AND ON        :
BEHALF OF ALL OTHERS SIMILARLY           :
SITUATED,                                :
                                         :
                                         :   21-CV-10155 (ALC)
                          Plaintiffs,    :
                                         :   ORDER GRANTING
        -against-                        :   MOTION TO COMPEL
                                         :   ARBITRATION
UBER TECHNOLOGIES, INC.,                 :
                                         :
                          Defendant.     :
                                         :
                                         :
------------------------------------------------------------------ :
                                         x
```

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Sonia Spates filed the instant action against Defendant Uber Technologies, Inc. alleging that Defendant routinely overcharged customers by "charg[ing] more than the price they were quoted at the beginning of their ride (i.e., the 'upfront price.')." Complaint ¶ 2, ECF No. 3. Pending before the Court is Defendant's motion to compel arbitration. ECF No. 7.

After reviewing the parties' submissions and all other relevant materials, the Court GRANTS Defendant's motion.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural background of this case. Defendant facilitates the sale of shared rides through its ride-hailing app ("App"). Compl. ¶ 1. From 2016 through the present, Defendant marketed its App as having "Upfront Pricing," which notified customers of their total fare prior to purchasing rides. Compl. ¶ 1. Plaintiffs are customers who purchased rides based on the upfront price. Compl. ¶¶ 9, 50.

1

Plaintiffs, however, allege that they were ultimately charged a higher price. Compl. ¶¶ 36-41. Plaintiffs thus assert that the upfront prices are false and misleading, as Defendant routinely charged a higher amount. *Id.*

On December 1, 2021, Plaintiffs filed this putative class action, alleging violations of New York General Business Law §§ 349 and 350, and unjust enrichment. ECF No. 3, Compl. ¶¶ 60-81. Defendants then filed a motion to compel arbitration on March 25, 2022 (ECF No. 7), Plaintiffs filed their opposition on April 8, 2022 (ECF No. 14), and Defendant replied on April 15, 2022 (ECF No. 17).

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. §2. The FAA establishes "a liberal federal policy favoring arbitration agreements." *See, e.g., Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018).

If the existence of the arbitration agreement itself is not at issue and the dispute is within the scope of the arbitration agreement, courts must "direct[ ] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). In deciding whether claims are subject to arbitration, the Court must determine (1) whether the parties entered into a valid agreement to arbitrate and (2) whether the claim falls within the scope of the agreement. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (citing *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002)). "[W]here the

undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [the Court] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund*, 661 F.3d 164, 172 (2d Cir. 2011).

When determining whether the parties have entered a valid agreement to arbitrate, "courts should apply ordinary state-law principles that govern the formation of contracts," and evaluate the allegations "to determine whether they raise a genuine issue of material fact." *Sacchi v. Verizon Online LLC*, No. 14-cv-423, 2015 WL 765940, at *4 (S.D.N.Y. Feb. 23, 2015) (internal citations and quotation marks omitted).

## DISCUSSION

Plaintiffs' complaint states that she is a user of Uber's services. *See, e.g.,* Compl. ¶ 9. In order to use Uber's platform, riders must register and create an account. *See* Def.'s Mot. to Compel at 3. Plaintiff registered for an Uber rider account on August 2, 2018 via Uber's website. *Id.* Plaintiff was required to agree to the "Uber Terms of Use and Privacy Policy" to sign up for Uber. Plaintiff could not have created an Uber account without agreeing to Uber's Terms of Use. *Id.* at 3-4. The Uber Terms of Use at that time, and all relevant times thereafter, included an Arbitration Provision. *Id.* at 3-6.

The Arbitration Provision states that the "parties acknowledge that this Arbitration Agreement evidences a transaction involving interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), will govern its interpretation and enforcement and proceedings pursuant thereto… It is the intent of the parties that the FAA and AAA Rules shall preempt all state laws to the fullest extent permitted by law." Fishman Decl., Ex. B at 2; *id.*, Ex.

3

D at 4. Where, as here, an arbitration agreement expressly provides that the FAA governs, the FAA preempts application of state law, and the question of the contract's validity is left to the arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 442-43 (2006).

Any threshold disputes about the validity or scope of the Arbitration Provisions are governed by New York law. Where, as here, an arbitration agreement specifically states that it is governed by the FAA, courts in the Second Circuit "appl[y] the choice-of-law rules of the state in which [they are] located—in this case, New York—" to determine the validity of the contract. *See Klein v. ATP Flight Sch., LLP*, No. 14-CV-1522 JFB GRB, 2014 WL 3013294, at *5 (E.D.N.Y. July 3, 2014). "On substantive issues of law such as contract formation, New York courts give controlling effect to the law of the jurisdiction which has the greatest concern with, or interest in, the specific issue raised in the litigation." *Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824, 832 (2d Cir. 1994) (citation and quotation marks omitted). As this case concerns a New York resident asserting claims for conduct that occurred in New York, New York law controls.[1]

Plaintiff does not dispute that she accepted Uber's Terms of Use for riders, which includes an Arbitration Provision. Courts within this district have held that failure to respond to an argument effectively concedes the argument. *See, e.g., Scott v. JPMorgan Chase & Co.*, No.

---

[1] Even if California law applied, Plaintiff would still be required to arbitrate. *See Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821 (2010) ("In keeping with California's strong public policy in favor of arbitration, any doubts regarding the validity of an arbitration agreement" must be "resolved in favor of arbitration."). *See also Feld v. Uber Techs., Inc*., No. 19STCV26766 (Cal. Super. Ct., L.A. Cty., Apr. 17, 2020); *Matthews v. Uber Techs., Inc.,* No. CGC-20-584582 (Cal. Super. Ct., S.F. Cty., Nov. 18, 2020).

13 Civ. 646 (KPF), 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014). Therefore, she cannot claim that she did not agree to arbitrate, and she is bound by the Arbitration Provision.[2]

***Plaintiffs' Claims Regarding Delegation to the American Arbitration Association***

Plaintiff challenges the Arbitration Provision's requirement of arbitration by the American Arbitration Association ("AAA"), and claims that delegation of arbitrability to the AAA is unconscionable. Plaintiff's Opposition, ECF No. 13, at 9-19. Plaintiff is incorrect. "The Supreme Court has long recognized that so-called 'gateway' issues of arbitrability may be delegated to arbitrators rather than district courts." *Man Fong Wong v. 1st Disc. Brokerage, Inc.*, No. 10 CV 1487 ENV, 2011 WL 1298857, at *2 (E.D.N.Y. Jan. 6, 2011) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.")). Courts enforce contractual provisions delegating a determination of any gateway issues to the arbitrator "if there is *clear and unmistakable evidence* from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005) (emphasis in the original, quotation marks omitted). Uber's Arbitration Provision includes a delegation clause that clearly and unmistakably states that any gateway issues of arbitrability must be decided by the arbitrator. *See* Fishman Decl., Ex. B at 2; *id.,* Ex. D at 4 ("The parties

---

[2] Plaintiff attempts to argue that Uber's evidence of the agreement to arbitrate is inadmissible. This is incorrect. The Fishman Declaration (ECF No. 9) that Uber relies on provides relevant facts declared under penalty of perjury by an Uber employee with personal knowledge of Uber's App registration and business records systems, business records obtained directly from Uber, and a copy of the contract terms Plaintiff agreed to. The Court holds that this evidence is admissible for the purpose of resolving the motion to compel.

agree that the arbitrator ("Arbitrator"), and not any federal, state, or local court or agency, shall have exclusive authority to resolve any disputes relating to the interpretation, applicability, enforceability or formation of this Arbitration Agreement, including any claim that all or any part of this Arbitration Agreement is void or voidable. The Arbitrator shall also be responsible for determining all threshold arbitrability issues, including issues relating to whether the Terms are unconscionable or illusory and any defense to arbitration, including waiver, delay, laches, or estoppel.")

      Plaintiff asserts that Uber's delegation clause is substantively unconscionable because Uber litigated an unrelated claim against AAA.  Plaintiff's Opposition, ECF No. 13, at 14-18. In *Uber Technologies, Inc. v. American Arbitration Association, Inc.,* Index No. 655549/2021 (N.Y. Sup. Sept. 20, 2021), Uber filed a lawsuit and motion for a preliminary injunction challenging the reasonableness and lawfulness of nearly $100 million in fees allegedly owed to AAA for administering approximately 31,000 copycat arbitration demands. Plaintiff contends that because of that dispute and Uber's claims against AAA, it can no longer be a neutral arbitrator. Plaintiff's Opposition, ECF No. 13, at 14-19. Notably, the underlying lawsuit between Uber and AAA is no longer pending. *See Uber Technologies, Inc. v. American Arbitration Association, Inc.,* Index No. 655549/2021 (N.Y. Sup. Sept. 20, 2021), Dkt. No. 130 (Stipulation of Discontinuance with Prejudice, July 8, 2022).

      While the Court agrees that Plaintiff is entitled to a neutral arbitrator, it is not apparent to the Court that AAA would not be able to provide a neutral arbitrator. The lawsuit was against AAA with respect to their administration of and fees for arbitrations involving Uber. A lawsuit against the organization does not necessarily mean that each of the hundreds of individual arbitrators associated with the organization will be tainted. Indeed, Uber asserts that even when

the lawsuit was pending, it proceeded with nearly 1,000 arbitrations with the AAA. Defendant's Reply, ECF No. 17, at 4. In any case, as Uber points out, the AAA's rules require the arbitrator to disclose "any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent." *Id.* at 5. Plaintiff's speculation that an AAA arbitrator may favor Uber to prove their neutrality is insufficient to demonstrate that it would not be possible to find a neutral arbitrator from the AAA.

Accordingly, the Court finds that the delegation clause in Uber's Terms of Use is not unconscionable, and therefore may be enforced. The Court GRANTS Uber's motion to compel arbitration against Plaintiff.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to compel arbitration. This case is stayed pending resolution of the arbitration. The parties shall provide a status report within 30 days of the completion of the arbitration or within six months of the date of this order, whichever is sooner.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **March 31, 2023**

*[signature]*

**ANDREW L. CARTER, JR.**
**United States District Judge**