UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SONIA SPATES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, -against- UBER TECHNOLOGIES, INC., Defendant. | Index No. 1:21-cv-10155 Hon. Andrew L. Carter, Jr. |
|---|---|

**UBER TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO RECONSIDER ORDER COMPELLING ARBITRATION AND CERTIFYING THE DECISION FOR APPEAL**

MORRISON & FOERSTER LLP

Claudia M. Vetesi
Tiffany Cheung
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
CVetesi@mofo.com
TCheung@mofo.com

Adam J. Hunt
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
AHunt@mofo.com

*Attorneys for Defendant Uber Technologies, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Plaintiff Has Not Demonstrated Entitlement To Immediate Certification. ..... 2

1. The Order Compelling Arbitration Does Not Involve A Controlling Question Of Law. ..... 3

2. The Order Compelling Arbitration Does Not Decide Issues On Which There Is A Substantial Ground For Difference In Opinion. ..... 5

3. Immediate Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation. ..... 8

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A2P SMS Antitrust Litig.*,
No. 12-CV-2656 (AJN), 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) ....................................5

*Balintulo v. Daimler AG*,
727 F.3d 174 (2d Cir. 2013)....................................................................................................7

*In re Belton*,
No. 15-CV-1934 (VB), 2016 WL 164620 (S.D.N.Y. Jan. 12, 2016) ..................................5, 8

*Capitol Records, LLC v. Vimeo, LLC*,
972 F. Supp. 2d 537 (S.D.N.Y. 2013)......................................................................................5

*Commonwealth Coatings Corp. v. Continental Casualty Co.*,
393 U.S. 145 (1968)..............................................................................................................6, 7

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
No. 11-CV-5994 (CM), 2012 WL 2952929 (S.D.N.Y. July 18, 2012) ...................................3

*Dill v. JPMorgan Chase Bank, N.A.*,
No. 19-CV-10947 (KPF), 2021 WL 3406192 (S.D.N.Y. Aug. 4, 2021)..............................8, 9

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
986 F. Supp. 2d 524 (S.D.N.Y. 2014)......................................................................................5

*In re Flor*,
79 F.3d 281 (2d Cir. 1996)....................................................................................................2, 7

*Garber v. Office of the Comm'r of Baseball*,
120 F. Supp. 3d 334 (S.D.N.Y. 2014)..................................................................................2, 9

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
No. 10-CV-3461 (PAC), 2014 WL 5002090 (S.D.N.Y. Oct. 7, 2014) ...................................8

*Haider v. Lyft, Inc.*,
No. 20-CV-2997 (AJN), 2022 WL 1500673 (S.D.N.Y. May 11, 2022) .................................8

*ISC Holding AG v. Nobel Biocare Fin. AG*,
688 F.3d 98 (2d Cir. 2012)........................................................................................................9

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*,
921 F.2d 21 (2d Cir. 1990)....................................................................................................2, 3

*Levitt v. Lipper Holdings, LLC*,
No. 03-CV-0266 (RO), 2006 WL 944450 (S.D.N.Y. Apr. 12, 2006) ....................................4

*Lopez v. Overtime 1st Ave. Corp.*,
252 F. Supp. 3d 268 (S.D.N.Y. 2017)........................................................................9

*Martens v. Smith Barney, Inc.*,
238 F. Supp. 2d 596 (S.D.N.Y. 2002)........................................................................4

*Merryman v. Citigroup, Inc.*,
No. 15-CV-9185 (CM), 2017 WL 129126 (S.D.N.Y. Jan. 6, 2017) ....................................4

*Monster Energy Co. v. City Beverages, LLC*,
940 F.3d 1130 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 164 (2020)...................................6, 8

*Murray v. UBS Sec., LLC*,
No. 12-CV-5914 (KPF), 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014) ...............................3, 4

*Reed v. Uber Techs., Inc.*,
No. 22-cv-00596-KAW (N.D. Cal. Sept. 28, 2022), ECF No. 32 ........................................6

*Ryan, Beck & Co., LLC v. Fakih*,
275 F. Supp. 2d 393 (E.D.N.Y. 2003) ....................................................................3, 4

*SEC v. Credit Bancorp, Ltd.*,
103 F. Supp. 2d 223 (S.D.N.Y. 2000)........................................................................4

*SEC v. Straub*,
No. 11-CV-9645 (RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013)...................................2

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)...................................................................................1

*Stone v. Patchett*,
No. 08-CV-5171 (RPP), 2009 WL 1544650 (S.D.N.Y. June 3, 2009)...................................5

*Transp. Workers Union of Am., Local 100 v. N.Y.C. Transit Auth.*,
358 F. Supp. 2d 347 (S.D.N.Y. 2005)........................................................................8

*Wherry v. Award, Inc.*,
192 Cal. App. 4th 1242 (2011) ..............................................................................7

*Whyte v. Wework Companies, Inc.*,
No. 20-CV-1800 (CM), 2020 WL 4383506 (S.D.N.Y. July 31, 2020) ...........................3, 4, 9

*In re XO Commc'ns, Inc.*,
Nos. 02-12947 (AJG), 03 Civ. 1898(DC), 2004 WL 360437 (S.D.N.Y. Feb. 26, 2004) ..........................................................................................3, 4

**Statutes**

28 U.S.C. § 1292(b) ....................................................................................................................2

## I. INTRODUCTION

Plaintiff filed this putative class action alleging that Uber Technologies, Inc. ("Uber") overcharged her for rides that she requested through Uber's smartphone application. But, as this Court found in its order granting Uber's motion to compel arbitration ("Order Compelling Arbitration"), Plaintiff "is bound by the Arbitration Provision" in Uber's Terms of Use and must therefore pursue her claims in an arbitral forum. Order Compelling Arbitration at 5. The Court further concluded that the Arbitration Provision's "clear[] and unmistakabl[e]" delegation clause provides that "any gateway issues of arbitrability must be decided by the arbitrator" as well. *Id.* Plaintiff does not challenge either of these determinations. Instead, she repeats an argument this Court squarely rejected: that the "delegation clause is substantively unconscionable because Uber litigated an unrelated claim against" the American Arbitration Association ("AAA"), and this history will somehow result in arbitration proceedings that are biased *against* Plaintiff. *Id.* at 6. On this basis, Plaintiff asks this Court to certify its Order for interlocutory review. Mot. at 2.[1]

Plaintiff fails to show entitlement to such extraordinary relief. In particular, she satisfies none of the three requirements for certification.[2] And even if she could somehow meet all three requirements, she fails to establish that the Court should exercise its discretion to allow immediate appeal under the circumstances here. Indeed, certification would only delay the speedy resolution of her claim through the arbitration proceeding she agreed to pursue, while imposing unnecessary burdens on this Court and the Second Circuit. The motion should be denied.

---

[1] Although Plaintiff styles her motion as a "Motion to Reconsider Order Compelling Arbitration and Certifying the Decision for Appeal," she does not appear to seek reconsideration of the Order Compelling Arbitration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (party seeking reconsideration must "point to controlling decisions or data that the court overlooked"). In any event, reconsideration would be unwarranted for the reasons stated herein. *See infra* p. 7.

[2] Plaintiff's "Motion to Reconsider Order Compelling Arbitration and Certifying the Decision for Appeal" is wholly without merit and forces Uber to waste resources briefing issues that the parties fully briefed at the Motion to Compel Arbitration stage. Uber reserves the right to seek a remedy, up to and including sanctions, for its costs in responding to Plaintiff's frivolous motion.

## II. ARGUMENT

### A. Plaintiff Has Not Demonstrated Entitlement To Immediate Certification.

"[F]ederal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *SEC v. Straub*, No. 11-CV-9645 (RJS), 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013) (second alteration in original) (citation omitted). Thus, "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (alteration in original) (citation omitted). *Accord Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law." (citation omitted)).

A district court may certify an order for interlocutory appeal only when the party seeking certification shows "that such order [i] involves a controlling question of law [ii] as to which there is substantial ground for difference of opinion and [iii] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). And "even when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification." *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (quotation marks and citation omitted).

Plaintiff falls well short of establishing any of the requirements for Section 1292(b) certification.

**1. The Order Compelling Arbitration Does Not Involve A Controlling Question Of Law.**

First, Plaintiff fails to identify a controlling question of law. "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24 (citation omitted). That is plainly not the case here. Plaintiff cannot dispute that reversal of the Order Compelling Arbitration "would not terminate the action, but rather would return the action to this Court for litigation." *Murray v. UBS Sec., LLC*, No. 12-CV-5914 (KPF), 2014 WL 1316472, at *4 (S.D.N.Y. Apr. 1, 2014) (denying certification of order granting motion to compel arbitration). Indeed, multiple district courts in this Circuit have declined to certify arbitration orders for immediate appeal in part for this reason. *See, e.g.*, *Whyte v. Wework Companies, Inc.*, No. 20-CV-1800 (CM), 2020 WL 4383506, at *2 (S.D.N.Y. July 31, 2020) ("[R]eversal of the June 11 order [compelling arbitration] . . . would not result in dismissal—if she won, Whyte would continue to prosecute her case before this Court."); *In re XO Commc'ns, Inc.*, Nos. 02-12947 (AJG), 03 Civ. 1898(DC), 2004 WL 360437, at *5 (S.D.N.Y. Feb. 26, 2004) ("[T]he controlling question of law prong is not satisfied because reversal of the Order [compelling arbitration] would not terminate the action, nor would a determination on appeal materially affect the outcome of the litigation.") (quotation marks and citation omitted); *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) ("Reversal of the June 20th order would merely require the Court to determine the issue of arbitrability; it would not resolve or materially advance the litigation.").

Implicitly recognizing that a favorable ruling on appeal would *create* litigation, not end it, Plaintiff contends certification is nonetheless warranted because a successful appeal would "affect the conduct of the action" by "call[ing] into question the enforceability of the arbitration agreement." Mot. at 5; *see Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11-CV-5994 (CM), 2012 WL 2952929, at *4 (S.D.N.Y. July 18, 2012). But "the difference

between proceeding in federal court or before an arbitral panel does not significantly affect the conduct of the action . . . because both fora are tasked with resolving the same dispute on the basis of the same evidence." *Whyte*, 2020 WL 4383506, at *2 (citation omitted).[3] Accordingly, district courts in this Circuit have made clear that the potential "consequence" of "eliminating the arbitration" "is not sufficient to warrant certification." *Murray*, 2014 WL 1316472, at *4; *accord, e.g.*, *Levitt v. Lipper Holdings, LLC*, No. 03-CV-0266 (RO), 2006 WL 944450, at *1 (S.D.N.Y. Apr. 12, 2006); *Ryan, Beck*, 275 F. Supp. 2d at 398; *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 602 (S.D.N.Y. 2002); *In re XO*, 2004 WL 360437, at *6. Plaintiff cites no authority to the contrary.

Plaintiff also posits that the Order has precedential value because it "raises a significant consideration for vast swaths" of the population. Mot. at 5. But she "does not point to[] any similar pending cases" raising this issue. *Murray*, 2014 WL 1316472, at *4. That alone defeats her argument. Even had she attempted to point to similar cases raising the issue, Plaintiff's putative appeal is "rarely, if ever, [to] have precedential value" given the "[f]act-based determinations" it requires. *Merryman v. Citigroup, Inc.*, No. 15-CV-9185 (CM), 2017 WL 129126, at *3 (S.D.N.Y. Jan. 6, 2017). This Court's conclusion that Plaintiff failed "to demonstrate that it would not be possible to find a neutral arbitrator" did not turn on any legal question that might apply to future proceedings. Rather, it was case-specific: it considered the nature of the lawsuit between Uber and the AAA, as well as the evidence (or lack thereof) Plaintiff had presented of bias that might result from that litigation. And in any event, "[p]recedential value . . . is not . . . per se sufficient to meet the 'controlling issue of law' standard." *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citation omitted).

---

[3] Indeed, Plaintiff may raise not only the same substantive claims to the arbitrator, but also her threshold arguments against arbitrability.

The factual nature of the Order Compelling Arbitration reveals yet another reason why Plaintiff fails to meet Section 1292(b)'s first requirement: a controlling question of law "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656 (AJN), 2015 WL 876456, at *4 (S.D.N.Y. Mar. 2, 2015) (quotation marks and citation omitted). But, as noted above, resolving the alleged bias issue Plaintiff raises "requires a particularized inquiry into the nature of the claim and the facts" of the case. *In re Belton*, No. 15-CV-1934 (VB), 2016 WL 164620, at *1 (S.D.N.Y. Jan. 12, 2016) (citation omitted). Because any appeal "would require the Second Circuit to review this Court's application of the law to the facts presented," it does not present an issue of "pure law" that is "appropriate for interlocutory review." *Stone v. Patchett*, No. 08-CV-5171 (RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009); *accord In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("[M]ixed questions of law and fact are not appropriate for certification under § 1292(b).") (quotation marks and citation omitted).

**2. The Order Compelling Arbitration Does Not Decide Issues On Which There Is A Substantial Ground For Difference In Opinion.**

Second, Plaintiff cannot establish that there is substantial ground for a difference in opinion, either because "[i] there is conflicting authority on the issue, or [ii] the issue is particularly difficult *and* of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (emphasis added) (citation omitted).

To start, Plaintiff does not cite (and Uber is not aware of) any conflicting authority on the issue the Order Compelling Arbitration decided: whether arbitration proceedings will be unconscionably biased in favor of a particular party because of unrelated litigation between that party and the arbitral organization. The only other decision addressing that specific issue is entirely consistent with this Court's Order. *See* Order Granting Def.'s Mot. to Compel Arbitration at 6,

*Reed v. Uber Techs., Inc.*, No. 22-cv-00596-KAW (N.D. Cal. Sept. 28, 2022), ECF No. 32 (granting motion to compel arbitration and rejecting plaintiff's argument that the "AAA would not be able to provide a neutral arbitrator" because of the prior unrelated litigation between Uber and the AAA). Elsewhere in her motion, Plaintiff cites *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 164 (2020), which vacated an arbitration award in favor of Monster because the "[a]rbitrator's failure to disclose his ownership interest in [arbitral organization] JAMS—given its nontrivial business relations with Monster—create[d] a reasonable impression of bias." *Id.* at 1138. To the extent Plaintiff intends to suggest a conflict between *Monster* and this Court's ruling, she is incorrect for multiple reasons. First, *Monster* arose in an entirely different posture: the court was not prospectively deciding unconscionability on the basis of bias but assessing an arbitration award after the fact. *Id.* at 1133. Second, there was no finding of unconscionability in *Monster* (even after the fact); the case was about disclosure. The court merely held that the arbitrator should have disclosed his ownership interest to help the parties "mak[e] informed decisions among potential neutrals." *Id.* at 1138. Finally, the "impression of bias" in *Monster* resulted from the individual arbitrator's conflicts based on *his* "ownership interest in JAMS," not from some alleged bias of the JAMS entity, separate from that of the arbitrator. *Id.* at 1136. For similar reasons, Plaintiff's reliance on *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145 (1968), does not suggest any conflict: that case (much like *Monster*) considered an individual arbitrator's business relationship and concluded that arbitrators must "disclose to the parties any dealings that might create an impression of possible bias." *Id.* at 149.

Rather than attempt to show a real conflict in authority, Plaintiff contends she has presented a "question of first impression [of] whether the neutrality of the arbitral organization must also be taken into account" in determining whether an arbitrator is neutral. Mot. at 5. This argument

quickly falls apart. As Plaintiff concedes, Mot. at 5, it is "well established" that arbitration proceedings incorporate "the . . . elementary requirements of impartiality." *Commonwealth Coatings Corp.*, 393 U.S. at 145; *accord Wherry v. Award, Inc.*, 192 Cal. App. 4th 1242, 1248 (2011). The particular manner in which impermissible bias might manifest in an arbitration proceeding—or whether that bias stems from the arbitral body's conflicts or from the individual arbitrator's conflicts—does not "involve[] a new legal question." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013). It simply involves application of a well-settled principle to a particular factual situation. And while Plaintiff argues that "[i]n the Order [Compelling Arbitration], the Court limited the necessity for neutrality to just the arbitrator," Mot. at 3, the Court did no such thing: it simply addressed Plaintiff's arguments, which were limited to speculations that unrelated litigation between Uber and the AAA might somehow "impact her own proceeding." Opp. to MTC at 17.[4] In short, this Court did not confront, much less decide, an issue of first impression in determining that Plaintiff had failed to show the delegation clause was substantively unconscionable.

Even were this Court to conclude otherwise, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d at 284. Rather, "[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Id.* (alteration in original) (quotation marks and citation omitted). This Court has already rejected "Plaintiff's speculation that an AAA arbitrator may favor Uber to prove their neutrality." Order Compelling Arbitration at 7. Plaintiff offers no reason to think that conclusion is subject to dispute.

[4] Moreover, Plaintiff has not even attempted to explain how a conflict that allegedly affects only the organization's neutrality, and not individual arbitrators' neutrality, could impact the outcome of her arbitration proceeding.

Instead, she merely repeats her speculation that a potential settlement payment between Uber and the AAA created a "nontrivial business relation[ship]" that might bias an arbitration proceeding against Plaintiff. Mot. at 4 (alteration in original); *cf. Monster*, 940 F.3d at 1138. This conjecture falls far short of "identif[ying] a legal issue for appeal that is particularly difficult." *Haider v. Lyft, Inc.*, No. 20-CV-2997 (AJN), 2022 WL 1500673, at *4 (S.D.N.Y. May 11, 2022) (citation omitted).

**3. Immediate Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation.**

Third, Plaintiff cannot show that immediate appeal would "advance the ultimate termination of the litigation" by "promis[ing] to advance the time for trial or to shorten the time required for trial." *Transp. Workers Union of Am., Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (citation omitted). Her argument that this requirement is satisfied appears to assume that the Second Circuit will "reverse" the Order Compelling Arbitration such that a trial will eventually occur. Mot. at 6. But this "one-sided argument fails to take into account the (just as likely) possibility that certification will delay the action further." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-CV-3461 (PAC), 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014). "[I]f the Second Circuit affirms the Court's decision, or rather yet, declines to hear Plaintiff's appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal." *Dill v. JPMorgan Chase Bank, N.A.*, No. 19-CV-10947 (KPF), 2021 WL 3406192, at *8 (S.D.N.Y. Aug. 4, 2021). In any event, "the mere possibility that a reversal of the Court's order would obviate the need for arbitration is insufficient to meet this third element of Section 1292(b)." *In re Belton*, 2016 WL 164620, at *2 (alterations and quotation marks omitted) (citation omitted). Finally—and regardless of the ultimate outcome of this case—it is almost guaranteed that "the appeal process will take longer than the arbitration, thereby extending the time in which a final

decision on the merits is rendered." *Dill*, 2021 WL 3406192, at *8; *see also Whyte*, 2020 WL 4383506, at *2 (concluding this requirement was not satisfied when "Plaintiff will have to try her case in full regardless of the outcome on appeal, whether here or before JAMS").

***

Lastly, allowing certification "would be inconsistent with the national policy favoring arbitration, and the Second Circuit's distaste for delaying the arbitral process through appellate review." *Dill*, 2021 WL 3406192, at *9 (quotation marks and citation omitted). *Accord ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 114 (2d Cir. 2012) ("[P]etitions to compel arbitration . . . should receive a summary and speedy disposition.") (quotation marks and citation omitted). And while the FAA permits interlocutory appeals pursuant to Section 1292(b), *see* 9 U.S.C. § 16(b), such appeals undermine the statute's purpose of "prevent[ing] the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration." *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 99 (2d Cir. 1997); *see* 9 U.S.C. § 16(b) (orders denying motions to compel arbitration are appealable but orders compelling arbitration are generally not appealable). "This, too, militates in favor of denying Plaintiff's motion." *Murray*, 2014 WL 1316472, at *8 (quotation marks and citations omitted). Accordingly, even if this Court were to conclude that Plaintiff has satisfied all of Section 1292(b)'s requirements, it should still exercise its discretion to deny certification. *See Garber*, 120 F. Supp. 3d at 337 (district court "retains 'unfettered discretion' to deny certification" even if Section 1292(b)'s factors are satisfied); *cf. Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) (denying certification on the basis of discretion "even assuming the three statutory factors under Section 1292 are met" because "interlocutory appeal…would undermine the FLSA's remedial and humanitarian goals") (quotation marks and citation omitted).

## III. CONCLUSION

For these reasons, Uber respectfully requests that the Court deny Plaintiff's motion to certify the Order Compelling Arbitration for interlocutory appeal.

Dated: April 28, 2023

MORRISON & FOERSTER LLP

Adam J. Hunt
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
AHunt@mofo.com

Claudia M. Vetesi
Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
CVetesi@mofo.com
TCheung@mofo.com

*Attorneys for Defendant*
*Uber Technologies, Inc.*